## KEARNEY STONE WORKS v. McPHERSON.

PLEADING—PRACTICE—JOINDER OF SEVERAL CAUSES OF ACTION—
DEMURRER—REPLY—CONTINUANCE.

1. On an application for a continuance because of an absent witness, where it does not appear that a subpœna has been issued or asked for, due diligence to obtain the attendance of the witness is not shown.

2. An objection that several causes of action properly joined in an action are not separately stated and numbered, cannot be taken advantage of by demurrer.

3. Where one of several causes of action stated in a petition is claimed to be insufficient, the defect cannot be reached by demurrer to the petition as a whole.

4. The answer setting up a defense to one cause of action, in the nature of an accord and satisfaction, alleges new matter, which, in the absence of a reply, will be taken as true.

5. A cause of action for work and labor performed, and another for money loaned may be joined in the same petition.

[Decided January 5, 1895. Amended petition filed in District Court, November 15, 1892.]

ACTION by James McPherson against the Kearney Stone Works, a corporation, for the recovery of money. The facts are sufficiently stated in the opinion.

*Craig & Chatterton,* for plaintiff in error.

Several causes of action were improperly joined. (Wait's Pr., Vol. 2, 364; Flynn v. Barley, 50 Barb., 73; Thorp v. Dickey, 51 Ia., 676; Bliss Code Pl., 90; R. S., sec. 2449; Titus v. Kyle, 10 O. St., 444; Walker's Am. L., 295; 2 Kent's Com., 830.) Second cause of action insufficient because no breach of the contract is alleged. (4 Am. & Eng. Ency. L., 524; Portage C. & M. Co. v. Crittenden, 17 O., 436; Clark v. R. R. Co., 5 Neb., 314; Branham v. Johnson, 62 Ind., 259; Boone Code Pl., sec. 26, p. 37.) An agreement, not being for the unconditional payment of money, cannot be pleaded by exhibit. (Bently v. Dorcas, 11 O. St., 398; Olney v. Watts, 43 id., 499.) An exhibit is no part of the pleadings. (Larimore v. Wells, 29 O. St., 13; Brooks v. Paddock, 6 Colo., 636; City v. Signoret, 50 Cal., 298; Boone, p. 39; Brown v. Taylor, 76 N. Y., 564.) The petition does not aver that the money was had and received for the use of the defendant. (1 Nash., 388; Wharton v. Walker, 4 B. & C., 163; Moore v. Pyrke, 11 East., 52; Maxwell v. Jameson, 2 B. & A., 51; Davis v. Watson, 2 N. & M., 709.) The new matter in answer should have been taken as true in the absence of

a reply. (R. S., sec. 2468; 2 Bates Pl., 960; 1 Nash. Pl. & Pr., 262; Ferrell v. Humphreys, 11 O., 112; Edwards v. Edwards, 24 O. St., 402; Wheeler v. Fanrot, 37 id., 26; Fewster v. Goddard, 25 id., 276.)

*Clark E. Dodge,* for defendant in error, argued and contended that the petition sufficiently stated the causes of action and cited Jackson v. Hough (Va.), 18 S. E., 575; Bishop on Cont., 786; Malor v. Ry., 21 Fed., 383; 1 Bates Pl. & Pr., 389; 40 Wis., 427; Cooley on Torts, 107-8; 2 Chitty Pl. & Pr., 458. Upon refusal of one to perform a contract, the other party may rescind. (Hochester v. De La Tour, 2 El. & Bl., 678.) Proper diligence to procure absent testimony was not shown. (State v. McGain, 49 Kan., 730; Brooken v. State, 26 Tex. App., 121; Foster v. Hinson, 75 Ia., 291; State v. Venables, 40 La. Ann., 215; Pledger v. State, 77 Ga., 242; Kilmer v. R. R. Co., 37 Kan., 84; Rubricht v. Powers, 1 Tex. C. App., 282; State v. Duffy, 39 La. Ann., 419; Skates v. State, 64 Miss., 644; State v. Morgan, 39 La. Ann., 214; Faulkner v. Terr'y (N. M.), 30 Pac., 905; Phil. F. Asso., 82 Va., 342; State v. McCoy, 111 Mo., 517.) The answer did not embrace new matter. Its allegations amounted only to a denial of the averments of the petition.

CORN, JUSTICE.

This case comes to this court without any of the evidence, and a decision is asked upon certain rulings of the court below, chiefly upon the pleadings.

The plaintiff (defendant in error) filed his amended petition setting out in the first paragraph that defendant (plaintiff in error) was a corporation and A. J. Steadman its secretary, and J. W. Holmes, its manager and in charge of its stone quarries, and that Steadman and Holmes as such secretary and manager had the supervision, charge and full control of its business affairs during the time when the matters in controversy arose.

The second paragraph recites: "That said defendant corporation is indebted to the plaintiff herein for work and

labor performed by the plaintiff at the request and for and in behalf of the defendant, Kearney Stone Works, said work and labor being performed at and upon the said quarries belonging to said defendants, between the dates of August 1, 1891, and April 1, 1892, in the full and just sum of $556.83, and though often requested no part thereof has ever been paid by said defendants, their agents or otherwise." The third paragraph sets out: "That said defendant, Kearney Stone Works, is further indebted to this plaintiff for money had and received by said defendant corporation, from the said plaintiff, for and upon a certain agreement in the further' sum of $350.00, together with ten per cent. interest thereon from the 26th day of December, 1890, which said agreement is signed by the said J. W. Holmes, at the time manager for the said Kearney Stone Works, defendant, and who signed said agreement in his official capacity as manager, upon which there is still due and unpaid at the date of the filing of this amended petition the full and just sum of $312.30, a copy of which agreement is hereto attached and marked 'Exhibit B,' to which reference is now made."

The fourth paragraph sets out that there is due to the plaintiff from the defendant the full sum of $869.13, with interest, and prayer for judgment is added. A copy of the account for work and labor is attached to the petition and also a copy of the instrument referred to as "Exhibit B," which is as follows:

"Rawlins, Wyo., Dec. 26th, 1890.

"Received of James McPherson, Jr., the sum of three "hundred and fifty dollars on act. of the Kearney Stone "Works of Kearney, Nebraska, for which they are to for-"ward him one promissory note due on or before six months "from date, bearing interest at the rate of ten per cent. per "annum.                          "J. W. Holmes."

The defendant demurred to the petition, assigning three grounds. First. Because several causes of action are improperly joined. Second. Because separate causes of action

against several defendants are improperly joined. Third. Because the amended petition does not state facts sufficient to constitute a cause of action against the defendant.

The demurrer was overruled and the defendant answered denying any indebtedness and any authority of Holmes to bind the company by the agreement and alleging as a special defense to the second cause of action that the plaintiff had accepted the individual note of Steadman and Holmes in full satisfaction and payment of the $350.00 referred to in the agreement and that he still had their note in his possession.

The defendant made an application for a continuance, which was denied. The trial was proceeded with and the defendant objected to the introduction of any evidence on the part of the plaintiff upon the ground that the issues were not made up, the plaintiff having filed no reply to the new matter of defendant's answer. The court overruled the objection and heard the plaintiff's evidence. The defendant refused to introduce any evidence and the court gave judgment for the plaintiff for the full amount claimed and interest, amounting to $965.58. The defendant presented its motion for a new trial, assigning as reasons the overruling of the demurrer, the denying of the motion for a continuance, the receiving of evidence introduced by plaintiff to establish his case under the pleadings and that the court erred in finding for the plaintiff generally, and in finding for the plaintiff the full amount of $965.58, and the motion was denied.

We are of opinion that the court did not exceed its discretion in denying the motion for a continuance. When a continuance is asked for on account of the absence of evidence, the statute requires the motion to be made "upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain the attendance of said witnesses," and it does not appear from the record that any subpoena had been issued or asked for. This is not a sufficient showing at all and does not comply with the requirements of the statute.

The first ground of demurrer is, "because several causes of action are improperly joined." The statute provides (Sec. 2408, Rev. Stat.), "the plaintiff may unite several causes of action in the same petition . . . when they are included in either of the following classes. . . . Second. Contracts express or implied." Both causes of action attempted to be set out in this petition were founded on contract, one for work and labor performed and the other for money loaned. The joinder then was authorized by statute. The statute (Sec. 2448, Rev. Stat.) requires that when the petition contains more than one cause of action they shall be separately stated and numbered, and this requirement was not complied with. But this defect cannot be taken advantage of by demurrer, but the court will require it to be done upon motion. Bliss Code Pleading, Sec. 412.

The second ground of demurrer urged is "because separate causes of action against several defendants are improperly joined." As there is but one defendant named in this action it is quite clear that the pleading is not obnoxious to the objection of joining separate causes of action against several defendants. But this objection is no doubt urged upon the theory maintained by the plaintiff in error, that the third paragraph of the petition does not state a cause of action against the defendant, but, if at all, against another person. But if this is the objection it should have been taken advantage of by demurrer to the statement of the second cause of action upon the ground that it did not state facts sufficient to constitute a cause of action, the plaintiff having been first required to separately state and number his causes of action. Then if it was found not to state a cause of action against the defendant, it would be immaterial for the purposes of the demurrer whether it stated a cause of action against some one else.

The third ground of the demurrer is that the petition does not state facts sufficient to constitute a cause of action against the defendant. The petition is inartistically drawn, but the second paragraph sets out the performance of labor by the plaintiff for the defendant at its request, amounting

to $556.83, and that the amount is due and unpaid, and we think, states a cause of action. The demurrer, being to the petition generally, that, taken as a whole, it does not state a cause of action, was properly overruled, without regard to the question whether the facts stated in the third paragraph, are sufficient to constitute a second cause of action against the defendant or not.

The petition should be licked into shape by motion. But this was not done and the defendant, to the second cause of action set up a defense in the nature of an accord and satisfaction, alleging that the plaintiff in payment of his claim against the defendant had accepted the individual note of Holmes and Steadman for the amount. This stated a valid defense and was new matter, and if the plaintiff desired to take issue upon it he should have done so by a reply. Not having done so it must be taken as true. (Rev. Stat., Sec. 2468.)

Upon the trial the defendant objected to the introduction of any evidence by the plaintiff, contending that the issues were not made up and that there was nothing to try. The court admitted the evidence and gave judgment for plaintiff upon both causes of action. In strictness the case seems to have been at issue upon the first cause of action and the defendant should have had judgment upon the second upon the pleadings.

The court erred in finding for the plaintiff generally and in assessing the amount of his recovery at the full amount of both claims. But as it is not a mere excessive assessment to be cured by remitting the excess, the decision will be reversed and the case remanded for a new trial.

GROESBECK, C. J., and CONAWAY, J., concur.